**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**SAMAD MAMIROVICH ERNAZAROV,**

      **Petitioner,**

**v.**                                                                                    **Case No. 4:26-cv-170-AW-MAF**

**ALLAN CROSBY, JAIL
ADMINISTRATOR, and
LIBERTY COUNTY JAIL,**

      **Respondents.**
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner Samad Mamirovich Ernazarov initiated this case by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. He seeks a bond hearing or release. Shortly after he filed his petition, the Eleventh Circuit decided *Hernandez Alvarez v. Warden*, which held that "unadmitted aliens found in the interior of the United States are eligible for bond while they go through immigration proceedings." 175 F.4th 1258, 1261 (11th Cir. 2026). Based on *Hernandez Alvarez*, the magistrate judge issued a report and recommendation concluding the court should grant relief. ECF No. 12. Specifically, the magistrate judge concluded the court should order that the government either provide Petitioner with an individualized bond hearing pursuant to § 1226(a) within seven days or release him.

1

In its response to Ernazarov's petition, the government raised entry fiction to suggest he should be "treated as an individual stopped at the threshold of the border." ECF No. 10 at 6-7. In reply, Ernazarov notes the government's "[p]re-IIRIRA entry-fiction cases" do not account for the "modern § 1225 and § 1226 framework." ECF No. 11 at 10. The report and recommendation, although not directly addressing entry fiction, hews close to *Hernandez Alvarez*'s statutory construction, concluding that case controls because Ernazarov is no longer an "arriving alien seeking entry *at the border*," and was instead apprehended "within the interior." ECF No. 12 at 3 (emphasis added) (quoting *Hernandez Alvarez*, 175 F.4th at 1276).

Neither party filed any objection to the report and recommendation. *Cf. Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1257 (11th Cir. 2017) (reviewing report and recommendation for plain error where parties "fail[] to object to a magistrate judge's findings or recommendations in an R&R"). After review, I now adopt the report and recommendation and incorporate it into this order. The government has not clearly shown the entry fiction doctrine applies under these circumstances. *See Cabrera Martinez v. Marich*, 816 F. Supp. 3d 356, 368-69 (W.D.N.Y. 2025) (distinguishing, among other cases, *Leng May Ma*, which "did not address what happens when a noncitizen accrues time *inside* the country after parole expires"); *see also, e.g.*, *Torres v. U.S. Dep't of Homeland Security*, 2026 WL 947955, at *5 (M.D. Fla. Apr. 8, 2026) (concluding "the expiration of § 1182 parole does not require treating the

noncitizen as if they had never been paroled in the first place" and collecting cases).

The Petition (ECF No. 1) is GRANTED in part. Within seven days, the government must provide the bond hearing or release Petitioner.

The motion to expedite (ECF No. 13) is DENIED as moot.

The clerk will close the file.

SO ORDERED on June 26, 2026.

s/ *Allen Winsor*
Chief United States District Judge